UNITED STATES of America, Plaintiff,

v.

AMARO–RODRIGUEZ, et al., Defendants.

Crim. No. 08–378 (GAG).

United States District Court, D. Puerto Rico.

Aug. 12, 2009.

Carlos R. Cardona, Elba I. Gorbea–Padro, United States Attorneys Office, San Juan, PR, for Plaintiff.

Octavio M. Rivera–Bujosa, Rivera Bujosa Law Office, Mercedita, PR, for Defendant.

## MEMORANDUM OPINION AND ORDER

GUSTAVO A. GELPI, District Judge.

Presently before the court is defendant Gerardo Amaro–Rodriguez's motion to supress evidence, (Docket No. 132) to which defendant Angel Ramirez–Vazquez requested joinder (Docket Nos. 133 & 135), as well as defendant Angel Rosado–Calderon's motion for reconsideration (Docket No. 134). For the reasons set forth herein, both motions (Docket Nos. 132 & 134) are **DENIED** without prejudice.

In his reurged motion to supress (Docket No. 132), defendant Amaro argues that this court should not have relied upon *United States v. Vilches–Navarrete*, 523

F.3d 1 (1st Cir.2008), to reach its conclusion that the defendants lack standing to claim Fourth Amendment protection with regard to the seizure of narcotics from Amaro's vessel because they were found in a secret compartment, between two wooden panels where a wine cooler was located. *See United States v. Amaro–Rodriguez*, 2009 WL 2244489 (D.P.R.2009) (Docket No. 128). As stated in this court's previous ruling, in *Vilches–Navarrete*, the First Circuit determined that, even though the captain of the vessel had a subjective expectation of privacy, it was not an objectively reasonable expectation because the narcotics were found in a secret compartment. The First Circuit held that "society would not recognize a justifiable expectation of privacy in a hidden compartment created for the express purpose of hiding illicit contraband," *id.*, 523 F.3d at 14, and supported its conclusion by reference to the Eleventh Circuit's decision in *United States v. Sarda–Villa*, 760 F.2d 1232, 1235 (11th Cir.1985) ("We are not willing to say that society is prepared to recognize a justifiable expectation of privacy solely on the basis appellants' efforts to secret the contraband. Drug smugglers cannot assert standing solely on the basis that they hid the drugs well and hoped no one would find them."). Defendant Amaro points to post-*Sarda–Villa* case law from the Eleventh Circuit that limited the scope of the holding in that case, in order to convince this court that its interpretation of *Vilches–Navarrete* in this case is overly broad. *See United States v. Massell*, 823 F.2d 1503, 1507 (11th Cir.1987) ("[*Sarda–Villa*] does not stand for the proposition that there is never an expectation of privacy when a secret compartment is used."). The defendant also references case law from other circuits that have adopted the contrary position from the First Circuit's in *Vilches–Navarrete*. *See, e.g., United States v. Soto*, 988 F.2d 1548, 1553 (10th Cir.1993).

While defendant Amaro's arguments are not without merit, they are not based on First Circuit precedent, as recent as 2008. The First Circuit was aware of the caselaw cited by the defendant when it made its alternate ruling in *Vilches–Navarrete*; it could have adopted the Eleventh Circuit's view post-*Sarda–Villa*, as espoused in *Massell*, but decided not to. The court is bound by First Circuit precedent, whether or not it agrees with the outcome. Thus, on the facts currently before the court defendant Amaro's property interest over the searched vessel cannot alter the fact that the narcotics were found in a secret compartment, so that under First Circuit precedent defendant's expectation of privacy over the place where the narcotics were found lacks objective reasonableness. The defendant has made no profer as to facts that might lead this court to conclude that the compartment at issue was used for any reason other than to secret contraband, so that an objectively reasonable expectation of privacy over the compartment might be found on other grounds. The court, therefore, stands by its earlier ruling.

As to the motion for reconsideration (Docket No. 134), Defendant Rosado's arguments for reconsideration of the determination of lack of standing as to the "guest" defendants in Amaro's vessel were all previously taken into account by the court when it emitted its most recent denial of reconsideration. *See United States v. Amaro–Rodriguez*, 2009 WL 2244489 (D.P.R.2009) (Docket No. 128); *see also United States v. Amaro–Rodriguez*, 2009 WL 1851004 (D.P.R.2009) (Docket No. 111). The court, therefore, also stands by its earlier ruling as to "guest" defendants.

**SO ORDERED.**